IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| JARREL ANTWAN SNYDER, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 7:17-cv-00548 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD CLARK, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Jarrel Antwan Snyder, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Circuit Court of the City of Salem. This matter is before the court on respondent's motion to dismiss. Having reviewed the record, the court grants the motion and dismisses the petition as time-barred.

I. BACKGROUND

On September 19, 2012, after a jury trial, the Circuit Court of the City of Salem entered final judgment, convicting Snyder of possessing a firearm after having been convicted of a violent felony, attempted malicious wounding, attempted carjacking, conspiring to commit carjacking, malicious wounding, using a firearm in the commission of a carjacking, using a firearm in the commission of attempted malicious wounding, and using a firearm in the commission of malicious wounding. The court sentenced Snyder to a total of thirty-seven years of incarceration. Snyder, appealed and the Court of Appeals of Virginia refused his appeal and petition for rehearing. Thereafter, the Supreme Court of Virginia refused Snyder's petition for appeal on January 14, 2014. Snyder did not file a petition for writ of certiorari to the Supreme Court of the United States regarding his direct appeal.

On January 14, 2015, Snyder filed a petition for a writ of habeas corpus with the Circuit Court of the City of Salem. After an evidentiary hearing, the court dismissed the petition. Snyder appealed, and the Supreme Court of Virginia refused his appeal on April 28, 2017. Snyder then filed a petition for writ of certiorari to the Supreme Court of the United States, which denied the petition on October 10, 2017. Snyder filed the instant federal habeas petition on November 27, 2017, alleging multiple grounds of ineffective assistance of counsel. *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Snyder alleges nothing to support application of § 2244(d)(1)(B-D).[1] Under § 2244(d)(1)(A), Snyder's conviction became final on April 14, 2014, when his time

---

[1] To the extent Snyder's arguments about not having physical access to the law library, not having an

2

to file a petition for writ of certiorari to the Supreme Court of the United States expired, and the statute of limitations began to run on that date.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Snyder filed his state habeas petition in the Circuit Court of the City of Salem on January 14, 2015, after the statute of limitations had run for approximately 275 days. The statute of limitations was tolled during the pendency of his state habeas petition and subsequent appeal to the Supreme Court of Virginia, which was denied on April 28, 2017. Snyder filed a petition for writ of certiorari in the Supreme Court of the United States challenging the state habeas ruling; however, that petition did not toll the statute of limitations. *See Lawrence v. Florida*, 549 U.S. 327, 329-36 (2007). Therefore, the statute of limitations began to run again on April 29, 2017, the day after his state habeas appeal was denied, and it stopped approximately 213 days later when Snyder filed the instant federal habeas petition on November 27, 2017. A total of 488 days passed before Snyder filed his federal habeas petition, and, thus, the petition is time-barred unless Snyder demonstrates that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013),

---

institutional attorney to assist him, and having to wait up to thirty days to receive requested case law could be construed as an attempted argument for belated commencement of the statute of limitations under § 2244(d)(1)(B), the argument fails. A claim for belated commencement due to state action "'must satisfy a far higher bar than that for equitable tolling.'" *Leyva v. Yates*, No. CV 07-8116-PA, 2010 U.S. Dist. LEXIS 57883, at *9, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010) (*quoting Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009).). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). Courts should grant relief only where a petitioner is "altogether prevented . . . from presenting his claims in *any* form, to *any* court." *Ramirez*, 571 F.3d at 1001. Prisoners must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations. *Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) (citing cases). Snyder's allegations concerning access to the law library do not rise to the level of a violation of the constitution or laws of the United States. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (to prevail on a claim of denial of access to the court, prisoners must demonstrate actual injury; a prisoner must show that the prison policies "hindered his effort to pursue a legal claim."); *Goldman v. Keller*, No. 1:11CV258, 2012 U.S. Dist. LEXIS 97798, at *8, 2012 WL 2904577, at *3 (M.D.N.C. July 16, 2012) (a mere lack of access to a law library does not constitute an unconstitutional impediment unless an inmate can show actual harm). Moreover, those alleged "impediments" have not been removed, and, yet, he ultimately was able to file his habeas petition. He does not explain how he managed to do this after the limitation period had expired but could not do it before. Accordingly, the court concludes that § 2244(d)(1)(B) does not extend Snyder's time to file a petition.

or that the court should equitably toll the statute of limitations, *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003).

Snyder does not allege that he is actually innocent of his convictions, but he does argue that the statute of limitations should be equitably tolled. A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Snyder argues that the court should find his petition timely filed because he is acting *pro se*, he had no "knowledge of the legal intricacies" or filing procedures, he had no "no direct access to ["physically"] attend the law library," he did not have the assistance of an institutional attorney, and, although he was allowed to request case law, it took officials an average of thirty days to provide the requested materials. Lack of access to a law library or legal counsel and ignorance of the law are not recognized as "extraordinary circumstances" warranting equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an

4

unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling . . . ."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a *pro se* prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same))); *United States v. Berry*, No. 3:09cr00019-1, 2013 U.S. Dist. LEXIS 5419, at *4-5, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (collecting cases) ("Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or *pro se* status does not toll limitations period). Moreover, Snyder has not demonstrated his reasonable diligence in pursuing his claims. Accordingly, the court concludes that Snyder has not shown that he is entitled to equitable tolling and, thus, finds that his federal habeas petition is time-barred.

### III. CONCLUSION

For the reasons stated herein, the court will grant respondent's motion to dismiss and dismisses Snyder's habeas petition as untimely filed.

An appropriate order will be entered.

Entered: March 1, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge